UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER G. FRENCH, CDCR #K-96643<br><br>                              Plaintiff,<br><br>              vs.<br><br>N. MORENO,<br><br>                              Defendant. | Case No.: 23cv1023-BTM (DEB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

    Plaintiff Kristopher G. French, a state prisoner housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to proceed In Forma Pauperis ("IFP").  (ECF Nos. 1-2.)  Plaintiff claims Defendant RJD Correctional Officer Moreno violated his Eighth Amendment right to be free from cruel and unusual punishment when Moreno told Plaintiff he would address a sewage backup in Plaintiff's cell but failed to do so.  (ECF No. 1 at 3-4.)

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted a prison certificate indicating he had average monthly deposits of $0 and carried an average monthly balance of $0 over the 6-month period preceding the filing of his Complaint, and had $0.67 on account at the time of filing. (ECF No. 3 at 1.) Based on this accounting, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) & (b)(1) because Plaintiff appears

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

currently unable to pay one. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and declines to exact any initial filing fee because he may have "no means to pay it." *Bruce*, 577 U.S. at 84. Plaintiff remains obligated to pay the $350.00 filing fee in monthly installments even if this action is ultimately dismissed. *Id*.

**II.     Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

   **A.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

The standard for determining whether a prisoner's complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915A is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Plaintiff's Allegations

Plaintiff alleges that on March 19, 2023, the sink in his cell "backed up and a foul smell of feces & fecal matter came from the backed up water, the smell was so bad that my stomach became very nauseated, I was gagging from the foul smell." (EFC No. 1 at 3.) That same day his cellmate informed Defendant Correctional Officer Moreno, the sole Defendant named in the Complaint, of the backup, and Plaintiff called Defendant Moreno to the cell door and showed him the sink. (*Id.*) Defendant said: "I'll get around to it." (*Id.*) No plumber or prison official came to fix the sink the next day, so on March 21, 2023, Plaintiff's cellmate asked Correctional Officer Marciel to check on the work order and call a plumber. (*Id.*) Marciel told Plaintiff's cellmate that Defendant Moreno did not put in a work order, but Marciel would. (*Id.*) The backup went down on March 28, 2023, after Plaintiff and his cellmate cut a handball in half and used it to plunge the sink. (*Id.*)

Plaintiff claims Defendant Moreno knew of a substantial risk of harm from breathing odors from a backed-up sewer, but maliciously, sadistically and deliberately lied when he said he would put in a work order to fix the sink, and thereby showed deliberate indifference to Plaintiff's health and safety in violation of his Eighth Amendment right to

be free from cruel and unusual punishment. (*Id*. at 3-4.) He also states there are many plumbing problems in the restrooms at RJD causing foul smells which pose a risk to the health and safety of all inmates. (*Id*. at 4.) Plaintiff seeks monetary damages, costs and fees. (*Id*. at 6.)

### C. Analysis

An Eighth Amendment violation occurs where a prisoner is denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Such a violation requires an objectively grave deprivation of humane conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.")

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), citing *Farmer*, 511 U.S. at 832; *see also Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) ("If the air was in fact saturated with the fumes of feces, urine, and vomit, it could undermine health and sanitation" sufficient to violate the Eighth Amendment). However, "[t]he circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. Although "subjection of a prisoner to lack of sanitation [in a cell that was dirty and smelled bad] that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," the temporary imposition of such conditions does not state a claim absent allegations of a risk of harm. *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995).

Assuming Plaintiff has plausibly alleged his exposure to the foul overflow in his sink amounts to the type of "lack of sanitation which is severe or prolonged [which] can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson*, 45 F.3d at 1314, he has not alleged a causal connection between that harm and the short delay in placing a work order caused by Defendant Moreno's actions. *See Rizzo v. Goode*,

423 U.S. 362, 371-72 (1976) (holding that a plaintiff must allege he suffered a specific injury from a defendant's action and an affirmative link between the injury and the defendant's conduct). Rather, Plaintiff states that after a day passed without the problem with the sink being addressed and he found out that Moreno had not put in a work order, a work order was placed by a different correctional officer, yet the sink overflow was never addressed by the prison, and Plaintiff and his cellmate ended it by plunging the sink himself ten days later. The Complaint does not plausibly allege that his continued exposure to the sewage in his sink was caused by Defendant Moreno's failure to put in a work order after stating: "I'll get around to it," because Plaintiff alleges a work order was put in one or two days later by a different correctional officer but never acted on. In other words, Plaintiff has not plausibly alleged that the only Defendant named in the Complaint is responsible for the alleged constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"), quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's attempt to hold an individual defendant liable for money damages for exposure to the sewage backup in his sink, or for his general allegations of unsanitary conditions in RJD bathrooms, requires the Court to apply "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Id*. at 633-34. "[I]n order to prevail and recover damages against" a prison official for cruel and unusual punishment, Plaintiff "must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel and unusual punishment." *Id*. at 634. Plaintiff has not plausibly alleged Defendant Moreno's delay in placing a work order or otherwise following up on his assurance he would "get around to it," was the actual and proximate cause of the alleged Eighth Amendment violation.

Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112. In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d

896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: July 6, 2023

_____
Hon. Barry Ted Moskowitz
United States District Judge